UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID OCHOA,

    Petitioner,

v.

UNITED STATES IMMIGRATION SERVICES,

    Respondent.

CASE NO.  C08-689-MJP-JPD

REPORT AND RECOMMENDATION

## I.  INTRODUCTION AND SUMMARY CONCLUSION

On April 28, 2008, petitioner, proceeding pro se, filed a "Request to Reopen Deportation Decision," challenging his deportation from the United States.  (Dkt. 7).  Petitioner requests a waiver to remain in the United States pursuant to Section 212(g) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(g), or, in the alternative, that his prior deportation order be removed from the record and that he be granted a new hearing.  (Dkt. 7 at 9).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. 7) be DENIED.

## III.  DISCUSSION

A.  The District Court Lacks Subject Matter Jurisdiction.

Judicial review of a removal order is governed by INA § 242, 8 U.S.C. § 1252, as

REPORT AND RECOMMENDATION
PAGE – 1

1  amended by the REAL ID Act of 2005. REAL ID Act of 2005, H.R. 1268, 109th Cong.

2  (2005)(enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("REAL ID Act"). This statutory

3  provision provides, in part, that the exclusive means of asserting a challenge to a final order of

4  removal and matters dependent thereon, such as the one challenged herein, is to file a Petition

5  for Review with the appropriate court of appeals, which in this case is the Ninth Circuit Court of

6  Appeals. 8 U.S.C. § 1252 (b)(2); (a)(5)("[A] petition for review filed with an appropriate court

7  of appeals in accordance with this section shall be the sole and exclusive means for judicial

8  review of an order of removal entered or issued under any provision of this chapter"). This

9  provision makes clear that this Court does not have jurisdiction to entertain petitioner's

10 challenge to his removal order. Accordingly, claims by petitioner in which he challenges his final

11 order of removal may not be considered in this habeas corpus action.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that this action be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 22nd day of May, 2008.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 2